UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREA D. WILLIAMS,                          CIVIL ACTION
ET AL.

VERSUS                                       NUMBER: 12-2752

JEFFERSON PARISH, ET AL.                     SECTION: "S"(5)

**<u>ORDER AND REASONS</u>**

The following constitutes the ruling of the Court on plaintiffs' special motion to strike/motion to dismiss which was argued on a previous date.  (Rec. docs. 16, 17, 21, 25).  For the reasons that follow, the motion is granted in part.

The above-captioned matter is an employment discrimination-related lawsuit brought by plaintiffs, Andrea D. Williams and Kenneth Lemieux, against defendants, the Parish of Jefferson, Randy Nicholson, and Donald Hogan.  (Rec. doc. 1).  In due course, defendant Hagan filed an answer to plaintiffs' complaint which contained a reconventional demand sounding in the nature of defamation based upon the allegations set forth in the plaintiffs' complaint.  (Rec. doc. 4).  Plaintiffs now move to strike that reconventional demand under Article 971 of the Louisiana Code of

Civil Procedure or, alternatively, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The two cases cited by plaintiffs being diversity cases in which the "nominally-procedural" Article 971 was found to apply based upon the Erie doctrine,[1] there is some question whether the Article would apply in this case which was brought under the Court's federal question jurisdiction.  To the extent that Article 971 does apply, plaintiffs' motion is untimely, having been brought more than ninety days after defendant's counterclaim was filed. LSA-C.C.P. Art. 971(C)(1); Barlow v. Safety National Casualty Corporation, No. 11-CV-0236, 2012 WL 3027992 at *4-5 (E.D. La. July 24, 2012).

Construing plaintiffs' motion on Rule 12(b)(6) grounds, defendant's counterclaim is largely conclusory and to some extent is but a mere recitation of the allegations set forth in plaintiffs' complaint.  Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  That fact notwithstanding, plaintiffs' allegations are qualifiedly privileged

---

[1] Henry v. Lake Charles American Press, L.L.C., 566 F.3d 164, 168-69 (5th Cir. 2009); Louisiana Crisis Assistance Center, 827 F.Supp.2d 668 (E.D. La. 2011).  See also Brown v. Wimberly, 477 Fed.Appx. 214, 2012 WL 1759956 (5th Cir. 2012)(diversity); Armington v. Fink, No. 09-CV-6785, 2010 WL 743524 (E.D. La. Feb. 24, 2010)(same).

and are pertinent to the case.  Kihneman v. Humble Oil & Refining Company, 312 F.Supp. 34, 44 (E.D. La. 1970); Freeman v. Cooper, 414 So.2d 355, 359 (La. 1982); Butler v. Reeder, 615 So.2d 1120, 1123 n.3 (La.App. 5th Cir. 1993).  Moreover, defendant's counterclaim is premature as an action for defamation based upon a plaintiff's petition cannot be brought until final termination of the original suit.  Wilkerson v. USI Gulf Coast, Inc., No. 01-CV-2748, 2002 WL 188428 at *2 (E.D. La. Feb. 6, 2002)(citing Lees v. Smith, 363 So.2d 974, 979 (La.App. 3rd Cir. 1978)); Young Oil Company of Louisiana, Inc. v. Durbin, 412 So.2d 620, 627-28 (La. App. 2nd Cir. 1982).

New Orleans, Louisiana, this 1st day of ___August___, 2013.


_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

3